IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| | : | |
| v. | : | Case No.  1:23-CR-126-RDB |
| | : | |
| **Al Tariq Smith** | : | |
| | : | |
| Defendant | : | |

### PROPOSED VOIR DIRE

Counsel for Al Tariq Smith respectfully submits these questions to be asked at *voir dire* by Counsel or the Court:

1. In this case, Al Tariq Smith is charged with knowingly possessing ammunition on January 17, 2023, after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Do you have any knowledge of this case or the events that gave rise to it from the media, from discussions with others, or from any other source whatsoever? If so, have you formed any opinion or impression about this case or about Mr. Smith?

2. Do you know, or have you had any dealings with Al Tariq Smith, or any of his friends, associates, or family members?

3. Do you know, or have you had any dealings with, any of the following persons or members of their families:

    a. Judge Richard D. Bennet, the judge presiding over this matter?

1

  b. Counsel for the Government, Assistant United States Attorney James Hammond or Michael Hanlon?

  c. Counsel for Mr. Smith, from the Office of the Federal Public Defender for the District of Maryland, Maggie Grace or Francisco Carriedo?

  d. The Government's case agent [name and title].

  e. The United States Attorney for the District of Maryland, Erek Barron, or any of the Assistant United States Attorneys, or any other employee of the United States Attorney's Office?

  f. The Federal Public Defender for the District of Maryland, James Wyda, or any of the Federal Public Defenders, or any other employee of the Federal Public Defender's Office?

  g. The following people, who may be witnesses in the case, or who may be mentioned by various witnesses:

    [Witness Names]

4. Have you served on a jury panel where any party was represented by any of the lawyers in this case?

5. Have you, any member of your family, or any of your close friends ever been employed by the United States Department of Justice, a State's Attorney Office in Maryland, the Maryland State Attorney General's Office, the Office of the Federal Public Defender, the Office of the State Public Defender, any private defense attorney, other court-related

agencies, sheriff's office, clerk's office, the state parole/probation office, or the United States Marshal's Service?

6. Have you, or any member of your immediate family, ever been employed by or connected with any law enforcement agency, such as any police department, sheriff's office, the Bureau of Alcohol, Tobacco and Firearms ("ATF"), or any other state or federal law enforcement agency?

7. Look around the room. Do you know or are you acquainted with any one on this jury panel?

8. Do you know, or are you acquainted with, anyone who is employed in this courthouse in any capacity?

9. Have you, any member of your family, or any of your close friends ever been convicted of a crime?

10. Have you, any member of your family, or any close friends ever been charged, arrested, or accused of criminal conduct or even been the subject of a criminal investigation?

11. Have you, any member of your family, or any of your close friends ever been a witness to a crime?

12. Have you, any member of your family, or any of your close friends ever been a witness for the prosecutor or the defense in a criminal case?

13. Have you, or any family member, or any close friends ever attended law school, or received any training in law, law enforcement, criminology, forensic science, criminal justice or the legal system?

14. During trial you may hear evidence that the police in this case recovered an unserialized, privately made firearm (commonly referred to as a "ghost gun") and ammunition. Do you have any feeling about firearms, ghost guns, or ammunition that would make it difficult for you to fairly decide this case?

15. During trial you may learn that Mr. Smith was previously convicted of a crime punishable by imprisonment for more than one year. In other words, a felony conviction. Does the fact that Mr. Smith has a prior criminal history, including a prior felony conviction, make it more likely that he possessed a firearm or ammunition?

16. Do you believe someone who has previously been convicted of possessing drugs with the intent to distribute them is more likely than someone else to possess a firearm or ammunition?

17. Have you or any close family or friends ever worked or volunteered for an organization that addresses gun rights issues, either advocating for gun rights or for gun control?

18. Have any of you ever worked for an advocacy group, law firm, political campaign, or other organization that focuses some or all of its work on issues relating to the prevention of violence, or specifically gun-related violence?

19. In every criminal case under our laws, an accused person is presumed to be innocent unless and until the Government is able to prove him guilty

by competent evidence beyond a reasonable doubt.  The burden is always on the prosecution to prove guilt beyond a reasonable doubt, and this burden never shifts to the defendant, for the law never imposes upon a defendant in a criminal case the burden or duty to call witnesses or produce any evidence.  Do you have any difficulty accepting these principles?

20. In every criminal case, the burden of proving a defendant guilty rests solely and entirely on the Government. A criminal defendant has no burden and does not have to prove his innocence. Do you think it is unfair that the Government has the burden of proof in a criminal case?

21. Do you believe that if someone is innocent, they would testify and tell their side of the story?

22. Do you believe that a defendant should be required to come forward with some proof or evidence of his innocence?

23. There has been an indictment in this case.  An indictment is merely a formal way of presenting charges against a person.  The mere fact that a person has been charged with a crime cannot be considered as evidence against him.  Do you believe that Mr. Smith is, probably is, or may be guilty simply because he has been charged with a crime in an indictment?

24. Every person accused of a crime has a constitutional right to remain silent and to not testify in his own defense.  You may not consider the silence of

a defendant in any way in determining your verdict. Is there anyone who cannot accept this proposition?

25. Do you believe that the Constitution provides too many protections to criminal defendants?

26. Do you believe that if any witness, including the Defendant, does not testify or cannot be cross-examined, that this affects whether the witness is more or less credible?

27. Do you have any opinions about prosecutors, law enforcement personnel, or criminal defense attorneys that would make it difficult for you to render a fair and impartial verdict in this case?

28. Would you tend to give greater or lesser weight to the testimony of a police officer simply because he or she is a police officer?

29. During this trial you may hear from civilian witnesses, meaning people who are not police officers. Would you tend to give greater or less weight to the testimony of a person simply because he or she is a civilian witness?

30. Do you feel that the testimony of a witness called by the prosecution is entitled to any greater or lesser consideration than the testimony of a witness called by the defense?

31. Do you feel that the testimony of a defendant or a witness called by the defense is entitled to any greater or lesser consideration than the testimony of a witness called by the prosecution?

32. Do you have any opinions about criminal cases or persons accused of crimes, regardless of the charge, that would make it difficult for you to render a fair and impartial verdict in this case?

33. Do you have any strong personal, moral, philosophical, or religious beliefs that would prevent you from judging the conduct of another person or make it difficult for you to consider the evidence in this case impartially?

34. If you are chosen as a juror in this case, I will explain to you the law that you must apply to the facts of this case, as you determine them to be from the evidence presented during the trial.  You must follow the law as I instruct you, even if you do not personally think that it is correct or fair.  Do any of you feel that you could not do that?

Respectfully submitted,
James Wyda
Federal Public Defender
    for the District of Maryland

___/s/_____
Maggie Grace (#29905)
Francisco A. Carriedo (#816158)
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) 962-0872
Email: Maggie_Grace@fd.org
Francisco_Carriedo@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 19, 2024, a copy of the foregoing was served via CM/ECF to the Government.

                                                         _____/s/_____
                                                     Francisco A. Carriedo