IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| | : | |
| **v.** | : | Case No.  1:23-CR-126-RDB |
| | : | |
| **Al Tariq Smith** | : | |
| | : | |
| **Defendant** | : | |

### BRIEF RE INTERSTATE NEXUS ELEMENT

On August 22, 2024, the Court held a motions hearing in this matter. At the hearing, the Court directed the Defense to brief an issue related to the Defense's position on expert witness testimony and the Government's burden of proof as to one of the essential elements of this § 922(g) offense: that the possession of ammunition was in or affecting interstate commerce. I write to provide the Court with the Defense's position.

As the Court is aware, in a charge brought under 18 U.S.C. § 922(g), the Government must prove the following elements beyond a reasonable doubt:

*First*, that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year, as charged;

*Second*, that the defendant knowingly possessed (or received or shipped or transported) the [ammunition], as charged; and

*Third*, that the possession (or receipt or transportation) charged was in or affecting interstate (or foreign) commerce. Sand, *Modern Federal Jury Instruction*, No. 35-47 (modified).

1

As to the third element, the government must prove beyond a reasonable doubt that the ammunition the defendant is charged with possessing was in or affecting interstate commerce. As noted in the Modern Federal Jury Instructions:

> This means that the government must prove that at some time prior to the defendant's possession, the [ammunition] had traveled in interstate commerce. It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the [ammunition] crossed a state line (or the United States border). It is not necessary that the government prove that the defendant himself carried it across a state line, nor must the government prove who carried it across or how it was transported. It is also not necessary for the government to prove that the defendant knew that the [ammunition] had previously traveled in interstate commerce.
>
> (If applicable: In this regard, there has been evidence that the [the ammunition] in question was manufactured in a different state (or country) than the state where the defendant is charged with possessing it. You are permitted to infer from this fact that the [ammunition] traveled in interstate commerce; however, you are not required to do so.)

Sand, *Modern Federal Jury Instruction* No. 35-50 (modified).

Mr. Smith intends to propose jury instructions that are consistent with the Modern Federal Jury Instructions.

Given the specialized training and knowledge required to opine on this issue, the Government has noted ATF Special Agent Toy as an expert in the identification and interstate nexus of ammunition to testify on this very issue and, accordingly, it is anticipated that the Government will seek to meet its burden of proof on this element by calling ATF Special Agent Toy. As with the remaining elements, the Government has the burden of proof on this issue, and the Defense may challenge

that proof at trial, including by cross examining her on issues relevant to her credibility.[1]

                                       Respectfully submitted,
                                       James Wyda
                                       Federal Public Defender
                                         for the District of Maryland

                                     ___/s/_____
                                     Francisco A. Carriedo (#816158)
                                     Maggie Grace (#29905)
                                     Assistant Federal Public Defender
                                     100 South Charles Street
                                     Tower II, 9th Floor
                                     Baltimore, Maryland  21201
                                     Phone: (410) 962-3962
                                     Fax:  (410) 962-0872
                                     Email: Francisco_Carriedo@fd.org
                                             Maggie_Grace@fd.org


## CERTIFICATE OF SERVICE

     I hereby certify that on August 23, 2024, a copy of the foregoing was served via CM/ECF to the Government.

                                                 _____/s/_____
                                                 Francisco A. Carriedo

---

[1] As indicated at the motions hearing, Mr. Smith intends to cross examine Special Agent Toy about the discrepancies in her grand jury testimony.